Chancellor Harper,
delivered the opinion of the Court.
The mistake which is supposed to have occurred with respect to the admission of the fact of the execution of Thomas B. M’Culloch’s deed, if it be a mistake, is one which cannot be corrected now. My notes of *^031 ev^ence were sent with the decree, and *are not now in my J possession. The notes were before me, however, when the decree was drawn, and I am satisfied that I must have so taken it down, and so understood it at the time. It is singular that evidence should have been offered to show the deed to be fraudulent before its execution was established.
With respect to the debts of the estate of Hance M’Culloch, which are said to remain unpaid, I may remark, in addition to what is said in the decree, that the existence of such debts is not alleged by the bill, and consequently the defendant could not have been prepared to disprove them. If, after the expiration of the year, during which he had received no notice of the debts, the administrator had paid over the estate to the distributees, he might plead that he had fully administered, as against creditors, or an administrator de bonis non. Creditors might perhaps pursue the estate in the hands of the distrubtees; but an administrator de bonis non, would be required to prove, not only that debts existed, but that the administrator had notice of them within the year, before he could require an account. In this case, that has been done which, according to the view I have taken, is equivalent to a full administration. If the creditors themselves might pursue the estate in the hands of the defendant or his wife, yet the administrator de bonis non, even if he has established the existence of the debts, has certainly not shown that the defendant had notice of them within the year.
I think that Ordinaries ought in no case to grant administration, unless to the kindred or creditors, or upon the application of the kindred or creditors. The statutes 31 E. 3, c. 11, and 21 H. 8, c. 5, only provides for the granting of' administration to the kindred, &c., according to their propinquity. See Toll. Ex. 82, 83. Administration is also committed to creditors; but when there are neither kindred nor creditors, the Ordinary is only authorized to grant administration ad colligenda bona — for the sole purpose of collecting and preserving the goods.— When kindred applies, the ordinary must have evidence that they are kindred, entitled to the administration. And when creditors apply, they ought to verify the existence of their demands, not only by the production of their evidence of debt, but by their own oaths. In this case, it is plain the administration was not granted on the application of creditors. It is probable that it was granted on the application of the de *385 fendatit’s wife. But as to her, as I have said, even if she were otherwise *entitled to it, the estate has been fully administered by the decree r#(. n. in her favor.
If the decree in favor of the wife is to have no validity or effect whatever, then it cannot stand in the way of the husband’s marital rights attaching. If it is to have any validity or effect — if it be an authoritative determination of her right to the estate derived from her father, then it is certain that it may be enforced and carried into execution, by a proper proceeding on her part. Directions may be supplied, if they are deficient, and au account had if an account be needed. But to decree an an account and payment of the estate to the present plaintiff, would be, in effect, to decree to him that which has already been decreed to her.
With respect to the suggestion in relation to making additional parties, it may be observed, that if the plaintiff had any rights, to the decision of which those parties were necessary, such a course would be proper. But he has no rights, nor any standing in Court, and if such an order were made, it would not be to amend the bill, but to make a new case, to which he would be an improper and unnecessary party.
The decree is affirmed.
Johnston, Chancellor. I do not concur.